NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| SETH SENECA; LISA ANDOH, individually on behalf of themselves and all others similarly situated, <br><br>         Plaintiffs - Appellees, <br><br>   v. <br><br> HOMEAGLOW INC., a Delaware corporation doing business as Dazzling Cleaning, <br><br>         Defendant - Appellant. | No. 24-887 <br><br> D.C. No. 8:23-cv-02308-CJC-ADS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, Senior District Judge, Presiding

Argued and Submitted March 3, 2025
Pasadena, California

Before: SANCHEZ and H.A. THOMAS, Circuit Judges, and LIBURDI, District
Judge.[**]

Homeaglow Inc. appeals the district court's denial of its motion to compel

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

arbitration. The district court found that Homeaglow did not present its "Terms & Conditions" containing arbitration and class waiver provisions to Plaintiffs in a reasonably conspicuous manner when they purchased cleaning services on Homeaglow's website. We review a district court's decision to deny a motion to compel arbitration de novo. *Stover v. Experian Holdings, Inc.*, 978 F.3d 1082, 1085 (9th Cir. 2020); *Zoller v. GCA Advisors, LLC*, 993 F.3d 1198, 1200 (9th Cir. 2021). Where, as here, the authenticity of the evidence is not subject to factual dispute, we "may decide the issue [of constructive notice] as a pure question of law." *Keebaugh v. Warner Bros. Ent. Inc.*, 100 F.4th 1005, 1015 (9th Cir. 2024) (alteration in original) (quoting *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 518 (9th Cir. 2024)). We have jurisdiction under 9 U.S.C. § 16(a)(1)(B), and we affirm.

1. Under the Federal Arbitration Act, we must compel arbitration when there is a valid arbitration agreement that encompasses the dispute at issue. *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855 (9th Cir. 2022). Because it is undisputed that the arbitration and class waiver provisions contained in the "Terms & Conditions" encompass Plaintiffs' claims, we must determine whether the parties had notice of and consented to these provisions to form a valid agreement. *See id*. at 855–57. The parties agree that California law governs their dispute.

2.     Under California law, Homeaglow, as the moving party, bears the burden of demonstrating that Plaintiffs had reasonably conspicuous notice of the disputed "Terms & Conditions" and that they took some action to manifest their assent to those terms.[1] *See Keebaugh*, 100 F.4th at 1013-14 (discussing California's requirements for inquiry notice for contracts found on the internet).  In analyzing whether notice of a provision is reasonably conspicuous, California courts look to the transactional context as "key to determining the expectations of a typical consumer."  *Sellers v. JustAnswer, LLC*, 289 Cal. Rptr. 3d 1, 30 (Cal. Ct. App. 2021).

When a consumer inputs their payment information on the "Checkout" page of Homeaglow's website and clicks "Purchase & Schedule"—notably the only time consumers are asked to provide payment information or told they are purchasing something—consumers have not been shown or asked to assent to any terms and conditions regarding arbitration.  Instead, at the outset of the transaction, consumers are shown a set of "Terms & Conditions" that requires the consumer to purchase a "Forever Clean membership" with their discount voucher and discusses other terms related to voucher expiration and membership pricing.  It is only after a consumer has purchased their voucher and is prompted to schedule a cleaning

---

[1] Neither party asserts that Plaintiffs had actual notice of the disputed "Terms & Conditions."

service that the consumer is presented with a separate hyperlink to a "Terms & Conditions" webpage that contains arbitration and class waiver provisions. The consumer is asked to click an "I Agree, Get Clean!" button that serves a dual purpose: to agree to the scheduled cleaning, and to bind the consumer to a different set of terms and conditions that include class waiver and arbitration provisions. As the district court found, a consumer "at this point would have no reason to expect the post-hoc imposition of terms and conditions to the previous purchase of the cleaning voucher and automatically renewing membership" when the consumer is "not purchasing anything further" but "merely scheduling a cleaning they've already purchased." When viewing the transaction in this context, the district court did not err in finding that Homeaglow's website failed to present the version of its "Terms & Conditions" containing the arbitration and class waiver provisions in a reasonably conspicuous manner.

Homeaglow's argument that consumers buy the voucher at the "Checkout" page but separately buy a "Forever Clean" membership when clicking the "I Agree, Get Clean!" button is not supported by the record. Homeaglow's first set of "Terms & Conditions" expressly links the purchase of the voucher with a "required" Forever Clean membership, and at no point does the website ever inform consumers that these purchases occur separately. Indeed, after a cleaning

voucher has been purchased, Homeaglow retains the consumer's credit card information and does not prompt the consumer to make another payment.

Homeaglow's contention that consumers would expect lengthier terms and conditions than those initially provided is similarly unavailing. California law places the "onus . . . on website owners to put users on notice of the terms to which they wish to bind consumers." *See id.* at 25. As the district court found, a reasonable consumer would not know that by clicking the "I Agree, Get Clean!" button, they were assenting to any "Terms & Conditions" other than those that had already been presented to them before their purchase of a cleaning voucher. *See Doe v. Massage Envy Franchising, LLC*, 303 Cal. Rptr. 3d 269, 277 (Cal. Ct. App. 2022) (concluding it is reasonable for consumers to believe that notice of terms of use referred to terms that were previously presented). Accordingly, the district court did not err in finding that Homeaglow's website failed to provide Plaintiffs with reasonably conspicuous notice of the "Terms & Conditions" containing arbitration and class waiver provisions.

3.      In addition to the context of the transaction, California courts also analyze the visual aspects of the notice's placement on a website. *See Sellers*, 289 Cal. Rptr. 3d at 29-30. Homeaglow's challenge to the district court's determination that the visual aspects of the notice of the "Terms & Conditions" were similarly inconspicuous is unavailing. Although Homeaglow asserts it

satisfies the definition of "clear and conspicuous" from California's Automatic Renewal Law ("ARL")[2] because the hyperlinked "Terms & Conditions" were in bright blue and underlined, the district court reasonably concluded that the entire textual notice must satisfy that definition. *See id.* at 29 (discussing the conspicuousness of the entire textual notice, not just the hyperlinks).

4. Since Homeaglow failed to provide reasonably conspicuous notice of the disputed "Terms & Conditions," Plaintiffs could not manifest their assent to those terms, even though they clicked the "I Agree, Get Clean!" button. *See Berman*, 30 F.4th at 857 (finding consumer's click of a button to be "unambiguous manifestation of assent" only when consumer "is explicitly advised that the act of clicking will constitute assent to the terms and conditions of an agreement"). Accordingly, we find that Homeaglow has not met its burden to establish that Plaintiffs had notice of the disputed "Terms & Conditions" and manifested their assent to those terms.

**AFFIRMED.**

---

[2] The ARL defines "clear and conspicuous" as "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language." Cal. Bus. & Prof. Code § 17601(a)(3).